COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


MCR PROPERTY MANAGEMENT, INC.
AND
ERIE INSURANCE EXCHANGE
                                      MEMORANDUM OPINION[*]
v.    Record No. 0229-95-3                 PER CURIAM
                                          JULY 18, 1995
MICHAEL W. SLAGLE


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
               (Monica L. Taylor; Ronnie L. Clay; Gentry, Locke,
               Rakes & Moore, on briefs), for appellants.

               (H. Keith Moore; Mark K. Cathey; Cranwell & Moore, on
               brief), for appellee.



        MCR Property Management, Inc. and Erie Insurance Exchange

(hereinafter collectively referred to as "MCR") contend that the

Workers' Compensation Commission erred in reversing the deputy

commissioner's credibility determination and finding that (1)

Michael W. Slagle proved that he sustained an injury by accident

arising out of and in the course of his employment on July 23,

1993; and (2) Slagle's herniated disc was caused by the July 23,

1993 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party before the commission.  R.G. Moore Bldg.

--------
    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Slagle, a maintenance worker employed by MCR, testified that, on Friday, July 23, 1993, he unbolted a toilet and, as he began to lift it, he experienced back pain so severe that he fell to his knees. Slagle reported his back pain to his supervisor at the end of his shift. Slagle had a prior back strain in 1991. That strain resolved after one week.

James Powers, Slagle's supervisor, testified that, on the evening of July 23, 1993, Slagle told him that his back was bothering him and he needed a few days off to go to the doctor. Powers testified that Slagle did not tell him about the specific incident of lifting a toilet.

On August 17, 1993, Slagle provided a written statement to Jeannie Stosser, the owner of MCR, in which he related that "[d]uring the course of renovating the apartments at Draper's Meadow, while moving stoves, refrigerators, countertops, and pulling up toilets, I have injured my back."

On June 26, 1993, Dr. C.L. Boatwright diagnosed an acute low back strain. Slagle gave Dr. Boatwright a history of "[o]ver the course of the day I was moving and lifting. The next day my low back hurt." Slagle was put on bedrest over the next few weeks;

2

however, his symptoms did not subside.  A CT scan revealed a herniated disc.

On August 19, 1993, Slagle underwent surgery for his herniated disc.  Dr. Ward Stevens, the neurosurgeon, related a history of "doing a great deal of heavy lifting about three weeks ago while at work and developing a great deal of low back and shortly thereafter right leg pain, numbness and weakness."  Dr. Stevens indicated that Slagle told him he injured his back while working on a Friday.  Dr. Stevens opined that "[i]t is my medical opinion within a reasonable degree of medical certainty that Mr. Slagle's disc herniation occurred with his initial injury."

The deputy commissioner found that Slagle's testimony was impeached by the failure of the medical reports to indicate that the disc rupture occurred while he was lifting a toilet, by Slagle's failure to tell his employer of a specific incident, and by Slagle's written statement that he lifted toilets and other appliances.  The full commission reversed the deputy's determination, and found that

> [t]he claimant indicated that his back became sore through lifting over a period of time. However, this does not negate the occurrence of a specific incident which occurred on Friday, July 23, 1993, while lifting one toilet.  Dr. Stevens states that the disc herniation was the result of a single "initial incident."  It comports with human experience that the claimant would describe the general activities which caused soreness in his back, and such a general description does not impeach his testimony of an acute incident which brought him to his knees and produced a sudden mechanical change, i.e. disc herniation.

3

If, as in this case, "the deputy commissioner's determination of credibility is based on the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy." Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 880 (1992).

Slagle's testimony provides credible evidence to support the commission's finding that he sustained an injury by accident arising out of and in the course of his employment. The deputy commissioner's determination that Slagle's assertion of an injury by accident was not credible was based on the evidence and the substance of Slagle's testimony. Therefore, the full commission could make its own credibility determination. Id. The medical histories provided by Slagle to his physicians do not necessarily contradict his testimony. In addition, these histories are consistent with Dr. Stevens' opinion that Slagle could first have a sore back, which would later develop into leg pain, thus indicating a herniated disc.

The commission could have reasonably inferred from Slagle's testimony and Dr. Stevens' opinion that Slagle sustained an identifiable incident on July 23, 1993 which caused an obvious sudden mechanical or structural change in his body. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7

4

Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For the reasons stated, we affirm the commission's decision.

Affirmed.